IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KONI B.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17 C 5369 |
| | ) |
| TENNECO INC. and TENNECO | ) |
| AUTOMOTIVE OPERATING CO., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Koni B.V., a Dutch company, has sued Tenneco Inc. and its subsidiary Tenneco Automotive Operating Co. (collectively Tenneco), alleging that they took and used for their own gain confidential information that Koni had provided to them under an information-sharing arrangement designed to further joint development efforts. Koni previously filed a lawsuit in Belgium against a Belgian subsidiary of Tenneco, asserting patent infringement and trade secret misappropriation claims arising from the same events. Tenneco has moved to stay the present case pending resolution of the litigation in Belgium. It relies on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

Under *Colorado River*, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *id.* at 813, and it may be invoked only in those "exceptional circumstances" in which abstention "would clearly serve an important countervailing interest." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 360 (7th Cir. 1996)

(quoting *Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)). A court conducts a two-part inquiry to determine if abstention is appropriate under *Colorado River*. First, the court determines whether the state and federal suits are parallel. If they are, the court then considers several factors to determine if there are exceptional circumstances that justify abstention. *Tyrer v. City of S. Beloit*, 456 F.3d 744, 751 (7th Cir. 2006).

The fact that the other case is pending in another country does not preclude *Colorado River* abstention. Though most abstention motions arise in the context of parallel state court litigation, the same principles apply when the other case is a foreign lawsuit. *See Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999).

This case and the Belgian lawsuit qualify as parallel. Formal symmetry is not required; "a suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Tyrer*, 456 F.3d at 752. First, the parties are substantially the same. Koni is the plaintiff in both cases, and the defendants, though not identical, are part of the same corporate family: Tenneco (Belgium), the defendant in the Belgian case, is a subsidiary of Tenneco Automotive Operating Co., one of the defendants here. Second, the cases arise from a common set of facts, specifically, the various defendants' allegedly improper use of trade secrets received from Koni regarding shock absorber valves. And third, the cases raise similar legal issues. It is true, as Koni notes, the Belgian lawsuit contains a patent infringement claim that has no parallel in the present case. But the Belgian lawsuit also includes claims for misappropriation of trade secrets under Belgian law, albeit with a different

2

member of the Tenneco corporate family as a defendant. There are also similar factual issues likely implicated in both cases, including whether a confidentiality agreement was breached.

The fact that the cases are parallel, however, is not enough to warrant a stay. Even when there is a parallel suit pending elsewhere, a federal court may abstain under *Colorado River* only where "exceptional circumstances" exist. Based on the Supreme Court's guidance in *Colorado River* and in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23-27 (1983), the Seventh Circuit has identified ten factors to consider in this analysis. These are:

> 1) whether the [other court] has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the current forums; 5) the source of governing law, state or federal; 6) the adequacy of [other] action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

Tyrer, 456 F.3d at 755. In determining whether exceptional circumstances exist, there remains a "general presumption against abstention." *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). A federal court has a "virtually unflagging obligation" to exercise its jurisdiction. *Colorado River*, 424 U.S. at 817.

The following factors point in favor of abstention:

- (4) The Belgian case was filed first.
- (7) The Belgian case is a good deal further along. A decision may be reached within the next several months.
- (3) There is a legitimate concern regarding piecemeal litigation, that is, parallel

3

cases proceeding in two separate court systems at the same time. As indicated earlier, similar factual issues are involved in both cases, and the legal issues, though not the same given differences between federal and Illinois law on the one hand and Belgian law on the other, are parallel.

The following factors point against abstention:

- (1) Tenneco does not argue in its motion that the Belgian court has assumed jurisdiction over any property relevant to the present dispute.
- (2) The federal forum in the present case is convenient; Tenneco is headquartered in this district.
- (9) The Belgian case, of course, cannot be removed to a U.S. federal court.
- (10) There does not appear to be anything contrived about Koni's federal claim.
- (5) The law governing the present case is federal law (with regard to Koni's federal claims). As the Supreme Court has stated, the presence of federal-law issues is a major consideration weighing against abstention. *See Moses H. Cone*, 460 U.S. at 26.
- (8) There is no concurrent jurisdiction; specifically, there is no basis to believe that the Belgian court can or will deal with Koni's U.S.-based claims against the U.S.-based defendants sued in the present case.
- (6) The Belgian lawsuit will be decided under foreign law, and it is not at all clear that the lawsuit, or application of Belgian law, will adequately protect Koni's federal-law (or Illinois-law) rights. *See* Pl.'s Mem. in Opp. to Defs.' Mot. to Stay, Ex. 1 (Decl. of Kristof Roox) ¶¶ 6, 7, 9.

Although the parallel nature of the two cases and the fact that the Belgian case is

a good deal further along give the Court pause, the Court concludes that on balance, Tenneco has failed to establish the requisite exceptional circumstances. In particular, when there is "any substantial doubt" that the parallel suit will be adequate to completely resolve the issues between the parties—which there is in this case—then a court should decline to abstain. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 520 (7th Cir. 2001). Tenneco has not overcome the presumption against abstention.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to stay [dkt. no. 49]. At this morning's status hearing, counsel should be prepared to set a discovery and pretrial schedule.

Date: December 14, 2017

_____
MATTHEW F. KENNELLY
United States District Judge